**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Anker Innovations Technology Co., Ltd.<br><br>Plaintiff,<br><br>v.<br><br>Dongguan Sanqishi Technology Co., Ltd.; Shenzhen Suiqi Innovation Technology Co., Ltd.; Sanqi Premium (Shenzhen) Co., Ltd.; Shenzhen Crawford Technology Co., Ltd.; Three Key Industrial (HK) Co., Limited<br><br>Defendants. | CASE NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Anker Innovations Technology Co., Ltd. ("Anker China" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Dongguan Sanqishi Technology Co., Ltd. ("Sanqishi"), Shenzhen Suiqi Innovation Technology Co., Ltd. ("Suiqi"), Sanqi Premium (Shenzhen) Co., Ltd. ("Sanqi"), Shenzhen Crawford Technology Co., Ltd. ("Crawford"), and Three Key Industrial (HK) Co., Limited ("Three Key") (collectively "Defendants") regarding U.S. Patent Nos. 12,316,149 ("the '149 patent") and 12,580,400 ("the '400 patent") ("the Asserted Patents").

## PARTIES

1. Plaintiff Anker Innovations Technology Co., Ltd. is a company organized and existing under the laws of China with a principal place of business at Room 701, Building 7, Zhongdian Software Park, 39 Jianshan Road, Hi-tech Zone, Changsha City, Hunan Province, China. Plaintiff is the assignee and sole owner of the Asserted Patents and has the right to enforce (including for past infringement) the Asserted Patents and to collect damages for any infringement thereof. Plaintiff is the owner of the entire right, title, and interest in the Asserted Patents.

2. On information and belief, Defendant Sanqishi is a company organized and existing

under the laws of China. It has a principal place of business located at Dongguan City, Guangdong Province, China. On information and belief, Defendant Sanqishi has an address at Room 701, 101 Jinfenghuang Avenue, Fenggang Town, Dongguan, Guangdong. Defendant Sanqishi sells products under the THREEKEY brand.

3. On information and belief, Defendant Suiqi is a company organized and existing under the laws of China. It has a principal place of business located at Shenzhen City, Guangdong Province, China. On information and belief, Defendant Suiqi has an address at 37th Floor, the east tower building of Galaxy twin towers, COCO PARK WORLD, NO. 8 Yaxing road, Bantian street, Longgang district, Shenzhen. On information and belief, Defendant Suiqi manufactures and/or supplies the THREEKEY brand products to Defendant Sanqishi.

4. On information and belief, Defendant Sanqi is a company organized and existing under the laws of China. It has a principal place of business located at Shenzhen City, Guangdong Province, China. On information and belief, Defendant Sanqi has an address at 37th Floor, the east tower building of Galaxy twin towers, COCO PARK WORLD, NO. 8 Yaxing road, Bantian street, Longgang district, Shenzhen and/or Western Side, 2nd Floor, Building C1, Hongdehui Industrial ZonePark, No. 128 Kangqiao Road, Longgang District, Shenzhen. On information and belief, Defendant Sanqi shares the same shareholders and corporate representative as Defendant Sanqishi. On information and belief, Defendant Sanqi owns the THREEKEY brand.

5. On information and belief, Defendant Crawford is a company organized and existing under the laws of China. It has a principal place of business located at Shenzhen City, Guangdong Province, China. On information and belief, Defendant Crawford has an address at 603, Unit 4, Building 4, Yahao Xiangyuan, No. 37 Longhe Road, Pingnan Community, Longgang Street, Longgang District, Shenzhen. On information and belief, Defendant Crawford owns several THREEKEY US trademarks and thus owns the THREEKEY brand.

6. On information and belief, Defendant Three Key is a company organized and existing under the laws of Hong Kong, China. On information and belief, Defendant Three Key has an address at ROOM 304B19, BLOCK A, HUNG HOM COMMERCIAL CENTRE, MA TAU GARDEN ROAD, KOWLOON, HONG KONG, CHINA. On information and belief, Defendant Three Key is the parent company, brand owner, and global supervisor for mobile and smart accessory lines, including products and charging devices of THREEKEY brand.

7. On information and belief, Defendants cooperate and work together given their relationships to the THREEKEY brand.

**JURISDICTION AND VENUE**

8. This is an action for infringement of United States patents under 35 U.S.C. §§ 100, et seq. Subject matter jurisdiction is conferred to this Court over patent infringement actions under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (patent jurisdiction).

9. Defendants are subject to this Court's specific personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute. Defendants have purposely availed themselves of the privileges of conducting business within the State of Texas by infringing Plaintiff's intellectual property in product listings targeted at this District and/or are using, selling, or offering to sell the infringing product in this District, including purposely and voluntarily placing one or more infringing products into the stream of commerce with the expectation that such products would be sold and used in U.S., including Texas and this District. Defendants' charging devices include U.S. plugs, FCC labeling, and English packaging, all of which showing that the charging devices are intended for the U.S. market. Defendants have committed acts of infringement and have significant contacts within the District, and Plaintiff's claim arises out of or related to those activities.

10. Further, as additional support for personal jurisdiction over Defendants in Texas, personal jurisdiction is proper under Fed. R. Civ. P. 4(k)(2). This case relates to Defendants'

infringement of Plaintiff's Asserted Patents and therefore arises under federal law. On information and belief, Defendants are companies organized under the laws of China and are not subject to general personal jurisdiction in any state. Defendants, however, have sufficient minimum contacts with the United States as a whole because they have infringed Plaintiff's Asserted Patents at least by making, using, selling, and offering for sale the Accused Products (defined *infra*) to customers throughout the United States.

11. Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States and therefore may be sued in any district, including this District.

**U.S. Patent No. 12,316,149**

12. U.S. Patent No. 12,316,149 ("the '149 patent") is entitled "Charging Device with Movable Board," and was issued by the U.S. Patent and Trademark Office (the "USPTO") to inventors Dong Lan and Xinqing Xiong on May 27, 2025. A copy of the '149 patent is available at the link: https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/12316149.

13. The USPTO's publicly accessible patent assignment records indicate that inventors Dong Lan and Xinqing Xiong assigned their entire right, title, and interest in the '149 patent to Anker China (reel 68896; frame 0857). As a result, Anker China owns the entire right, title, and interest in the '149 patent.

14. The '149 patent's claims are directed to patent-eligible subject matter, and the '149 patent is valid and enforceable.

15. Defendants do not have an express or implied license to practice the '149 patent.

16. The '149 patent is directed generally to charging devices including a housing, a movable board, a charging circuitry, and a power interface. *See* '149 patent, Abstract.

17. Claim 1 of the ’149 patent recites:

> 1. A charging device comprising:
>
> a housing comprising a cavity, a body, and a flip cover, wherein the flip cover is pivotably connected to the body;
>
> a movable board comprising charging circuitry, wherein the movable board is configured to slide relative to the cavity; and
>
> a power interface electrically connected to an external power supply and configured to transmit power supplied by the external power supply to the charging circuitry.

**U.S. Patent No. 12,580,400**

18. U.S. Patent No. 12,580,400 (“the ’400 patent”) is entitled “Multi-in-one charging device,” and was issued by the USPTO to inventors Dong Lan and Xinqing Xiong on March 17, 2026. A copy of the ’400 patent is available at the link: https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/12580400.

19. The USPTO’s publicly accessible patent assignment records indicate that inventors Dong Lan and Xinqing Xiong assigned their entire right, title, and interest in the ’400 patent to Anker China (reel 72266; frame 0062). As a result, Anker China owns the entire right, title, and interest in the ’400 patent.

20. The ’400 patent’s claims are directed to patent-eligible subject matter, and the ’400 patent is valid and enforceable.

21. Defendants do not have an express or implied license to practice the ’400 patent.

22. The ’400 patent is directed generally to charging devices including a housing, a movable board, a charging circuitry, and a power interface. *See* ’400 patent, Abstract.

23. Claim 1 of the ’400 patent recites:

> 1. A charging device comprising:
>
> a body;

> a board coupled to the body and comprising first charging circuitry, wherein the board is coupled to the body such that the board is capable of moving in at most one dimension relative to the body; and
>
> a cover coupled to the body, wherein the cover comprises second charging circuitry, and the cover is movable between a first position in which the cover is on a top surface of the body and a second position in which the cover is angled relative to the top surface of the body.

**PATENT INFRINGEMENT**

24. Defendants make, use, sell, and/or offer to sell in, and/or import into, the United States charging stations that include a housing comprising a body, an internal cavity that accommodates electrical components, and a flip cover positioned at the top of the housing and pivotably connected to the body through a hinge structure that infringe one or more claims of the Asserted Patents.

25. On information and belief, Defendants manufacture and sell charging devices, including but not limited to at least the following products offered for sale under Amazon ASINs B0FMNPRGN9, B0G8XPCC9N, B0G8ZYKW16, B0F5VQXY35, and B0DT1316TR (collectively, the "Accused Products").

26. On or around December 24, 2025, Plaintiff sent an infringement notice to Amazon against the "Accused Products" asserting infringement of the '149 Patent. A picture of ASIN B0FMNPRGN9 is shown below:



27. Defendants have been aware of the ’149 Patent since at least receiving notice of the Amazon infringement notice.

28. Following receipt of the Amazon infringement notice, Defendant Sanqishi communicated with Plaintiff regarding the Accused Products and Plaintiff’s allegations of infringement.

29. On December 30, 2025, Defendant Sanqishi communicated with Plaintiff with a letter entitled “关于美国亚马逊专利投诉事宜的诚恳沟通与和解请求.”[1] Exhibit A.

30. The letter, among other things, states the following:

> 涉案产品的项目于2024 年7 月立项，研发过程中，我们投入了大量的人力和物力，反复打磨产品品质、功能体验和外观设计；并于2025 年4 月开始在美国亚马逊站点销售。[2]

*Id.*

31. The letter, among other things, further states the following:

> 但我们也必须非常诚恳地承认，在这款产品的研发过程中，我们忽略了专利排查这一至关重要的环节。[3]

*Id.*

32. The letter, among other things, further states the following:

> 我们是一支仍在成长中的初创团队，早期在知识产权方面的认知确实不足，并非有意冒犯，更不存在任何攀附或侵权的主观动机，但客观上确实因疏忽而侵犯了贵司的知识产权。对此，我们只能真诚道歉，也诚恳接受批评。[4]

---

[1] English translation: “Sincere Communication and Request for Settlement Regarding Amazon US Patent Complaints.”

[2] English translation: “The project for the product in question was initiated in July 2024. During the R&D process, we invested significant human and material resources to meticulously refine the product’s quality, functional experience, and aesthetic design; sales on Amazon’s US marketplace commenced in April 2025.”

[3] English translation: “We must also sincerely acknowledge that, during the development of this product, we overlooked the critical step of conducting patent clearance review.”

[4] English translation: “We are still a growing start-up team, and in the early stages our understanding of and attention to intellectual property was indeed insufficient. We did not intend to offend, nor did

*Id.*

33. On December 30, 2025, Defendant Sanqishi also communicated with Plaintiff with a letter entitled "关于专利侵权投诉的联络函."[5] Exhibit B.

34. The letter, among other things, states the following:

> 我司产品B0DT1316TR、B0F5VQXY35（二者型号：TK-CW303）的部分结构与贵司专利US12316149B2存在类似或者相同的情况。[6]

*Id.*

35. The letter, among other things, states the following:

> 此次事件源于我司未能有效识别相关技术方案与贵司专利权的冲突，对此，我们深刻反思并承认错误。[7]

*Id.*

36. The letter, among other things, states the following:

> 此次事件是由于我们对专利细节的了解不足所致，我们已立即停止相关产品的生产与推广，并承诺未来将加强知识产权的审核与管理，避免类似情况再次发生。[8]

*Id.*

37. Defendant Sanqishi's foregoing statements demonstrate that Defendant Sanqishi and

---

we have any subjective motive to free-ride or infringe. Objectively, however, due to our negligence, we did infringe your company's intellectual property rights. For this, we sincerely apologize and accept criticism."

[5] English translation: "Correspondence Regarding a Patent Infringement Complaint."

[6] English translation: "Some structures of our products B0DT1316TR and B0F5VQXY35 (both models: TK-CW303) are similar or identical to your company's patent US12316149B2."

[7] English translation: "This incident stemmed from our company's failure to effectively identify a conflict between the relevant technical solution and your company's patent rights; we deeply reflect on this matter and acknowledge our error."

[8] English translation: "This incident stemmed from an insufficient understanding of the patent details; we have immediately halted the production and promotion of the relevant products and pledge to strengthen intellectual property review and management to prevent similar situations from recurring."

other Defendants which cooperated as a shared interest group were aware of the ’149 Patent and Plaintiff’s infringement allegations of the Accused Products.

38. Defendant Sanqishi and other Defendants which cooperated as a shared interest group acknowledged that the Accused Products infringe the ’149 Patent.

**COUNT I – Infringement of U.S. Patent No. 12,316,149**

39. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

40. Defendants have infringed, either literally or under the doctrine of equivalents, by manufacturing, using, importing, offering to sell, and selling infringing products covered by one or more claims of the ’149 Patent pursuant to 35 U.S.C. § 271(a).

41. The ’149 Patent issued with 20 claims. Claim 1 of the ’149 Patent is exemplary and recites:

> 1. A charging device comprising:
>
> a housing comprising a cavity, a body, and a flip cover, wherein the flip cover is pivotably connected to the body;
>
> a movable board comprising charging circuitry, wherein the movable board is configured to slide relative to the cavity; and
>
> a power interface electrically connected to an external power supply and configured to transmit power supplied by the external power supply to the charging circuitry.

42. The claimed invention of the ’149 Patent can be shown in the following exemplary figures:



FIG. 1



FIG. 3



FIG. 7

43. On information and belief, Defendants have manufactured, used, imported, offered to sell, and continue to sell products, including but not limited to the Defendants' Accused Products, that infringe at least claim 1 of the '149 Patent, either literally or under the doctrine of equivalents.

44. Defendants' Accused Products include a housing comprising a body, an internal cavity that accommodates electrical components, and a flip cover positioned at the top of the housing. The flip cover is pivotably connected to the body through a hinge structure, allowing it to rotate upward and downward relative to the body.







45. Defendants' Accused Products include a movable board that carries the wireless charging circuitry. Its physical structure can slide in and out of the cylindrical housing. This movable board is configured to slide relative to the housing cavity, allowing for extension and retraction.






46. Defendants' Accused Products contain a USB-C (Type-C) power interface located on the rear side of the cylindrical body. This port is physically and electrically connected via a power cable to an external power supply (such as a wall adapter or computer port). The connected current is transmitted internally to energize the integrated wireless charging coils mounted on the movable board. The visible charging of a smartphone and a smartwatch demonstrate that the interface actively transmits input power to the charging circuitry.




47. On information and belief, Defendants' acts were intentional, and Defendants acted with specific intent in manufacturing, using, importing, offering to sell, and continuing to sell products infringing at least one or more claims of the '149 Patent.

48. On information and belief, Defendants knew, should have known, or was willfully blind that their actions would induce infringement of at least one or more claims of the '149 Patent by another.

49. On information and belief, Defendants had knowledge of the '149 Patent and knowingly took active, affirmative steps to encourage its customers to use the Accused Products in an infringing manner. Defendants promoted, advertised, and instructed customers regarding the operation and use of the Accused Products through their Amazon product listings, product images,

demonstrations, instructions, and other promotional materials.[9] These active, affirmative acts encouraged customers to use the Accused Products in the manner promoted by Defendants, which infringes one or more claims of the ’149 Patent. Defendants acted with the specific intent to encourage such infringement. Defendants have infringed and continue to infringe one or more claims of the ’149 Patent pursuant to 35 U.S.C. § 271(b).







[9] *See* https://www.amazon.com/live/video/0004d3222fc74935a9797e6770f6740d?ref_=cm_sw_cp_r_ib_dt_OqcApKKpjRcWe

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct









50. Despite their knowledge of the ’149 Patent and Plaintiff’s allegations of infringement, Defendants have continued to make, use, offer to sell, sell, and/or import the Accused Products. Defendants’ infringement has therefore been willful and deliberate.

51. Plaintiff has suffered and continues to suffer harm as a result of Defendants’ direct and indirect infringement of the ’149 Patent.

52. Plaintiff has no adequate remedy at law for Defendants’ infringement. As a direct and proximate of Defendants’ infringement, Plaintiff has suffered and continues to suffer irreparable harm. Unless this Court enjoins Defendants’ acts, Plaintiff will continue to suffer irreparable harm.

53. Plaintiff is entitled to injunctive relief in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT II – Infringement of U.S. Patent No. 12,580,400**

54. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

55. Defendants have infringed, either literally or under the doctrine of equivalents, by manufacturing, using, importing, offering to sell, and selling infringing products covered by one or more claims of the ’400 Patent pursuant to 35 U.S.C. § 271(a).

56. The ’400 Patent issued with 20 claims. Claim 1 of the ’400 Patent is exemplary and recites:

> 1. A charging device comprising:
>
> a body;
>
> a board coupled to the body and comprising first charging circuitry, wherein the board is coupled to the body such that the board is capable of moving in at most one dimension relative to the body; and
>
> a cover coupled to the body, wherein the cover comprises second charging circuitry, and the cover is movable between a first position in which the cover is on a top surface of the body and a second position in which the cover is angled relative to the top surface of the body.

57. The claimed invention of the ’400 Patent can be shown in the following exemplary figures:



FIG. 1



FIG. 3



FIG. 7

58. On information and belief, Defendants have manufactured, used, imported, offered to sell, and continue to sell products, including but not limited to the Defendants’ Accused Products, that infringe at least claim 1 of the ’400 Patent, either literally or under the doctrine of equivalents.

59. Defendants' Accused Products is a charging device comprising a body.







60. Defendants' Accused Products include a board coupled to the body and comprising first charging circuitry, wherein the board is coupled to the body such that the board is capable of moving in at most one dimension relative to the body. The board's physical structure can only slide one dimension and direction relative to the body. The moveable board has a charging circuit to charge devices, such as smart watches.







61. Defendants' Accused Products have a cover coupled to the body, wherein the cover comprises second charging circuitry, and the cover is movable between a first position in which the

cover is on a top surface of the body and a second position in which the cover is angled relative to the top surface of the body. The top flip cover can be on top of the top surface or opened to an angle relative to the top surface. The cover has a charging circuit to charge devices, such as mobile phones.







62. On information and belief, Defendants' acts were intentional, and Defendants acted with specific intent in manufacturing, using, importing, offering to sell, and continuing to sell products infringing at least one or more claims of the '400 Patent.

63. On information and belief, Defendants knew, should have known, or was willfully blind that their actions would induce infringement of at least one or more claims of the '400 Patent by another.

64. On information and belief, Defendants had knowledge of the '400 Patent and knowingly took active, affirmative steps to encourage its customers to use the Accused Products in an infringing manner. Defendants promoted, advertised, and instructed customers regarding the operation and use of the Accused Products through their Amazon product listings, product images, demonstrations, instructions, and other promotional materials.[10] These active, affirmative acts

[10] *See* https://www.amazon.com/live/video/0004d3222fc74935a9797e6770f6740d?ref_=cm_sw_cp_r_ib_dt_OqcApKKpjRcWe

encouraged customers to use the Accused Products in the manner promoted by Defendants, which infringes one or more claims of the ’400 Patent. Defendants acted with the specific intent to encourage such infringement. Defendants have infringed and continue to infringe one or more claims of the ’400 Patent pursuant to 35 U.S.C. § 271(b).






VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct

VIDEOS IMAGES




Threekey 4 in 1 Qi2 Wireless Charging Station Cube for Apple

THREEKEY-Direct








65. Despite their knowledge of the ’400 Patent and Plaintiff’s allegations of infringement, Defendants have continued to make, use, offer to sell, sell, and/or import the Accused Products. Defendants’ infringement has therefore been willful and deliberate.

66. Plaintiff has suffered and continues to suffer harm as a result of Defendants’ direct and indirect infringement of the ’400 Patent.

67. Plaintiff has no adequate remedy at law for Defendants’ infringement. As a direct and proximate of Defendants’ infringement, Plaintiff has suffered and continues to suffer irreparable harm. Unless this Court enjoins Defendants’ acts, Plaintiff will continue to suffer irreparable harm.

68. Plaintiff is entitled to injunctive relief in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## DEMAND FOR JURY TRIAL

69. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully requests a trial by jury on all issues triable by a jury.

## REQUEST FOR RELIEF

FOR ALL THESE REASONS, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. Judgment that one or more claims of the ’149 Patent and ’400 Patent have been infringed and continue to be infringed by Defendants directly and/or indirectly;

B. Judgment that infringement of the ’149 Patent and ’400 Patent has been willful;

C. An award of damages adequate to compensate Plaintiff for Defendants’ infringement of the ’149 Patent and ’400 Patent, but in no event less than a reasonable royalty;

D. An award of pre and post-judgment interest, and the taxation of all allowable costs against Defendants;

E. An award of enhanced damages under 35 U.S.C. § 284 for Defendants’ willful infringement of the ’149 Patent and ’400 Patent;

F. That the Court declare this an exceptional case and award Plaintiff its reasonable attorneys’ fees and costs in accordance with 35 U.S.C. § 285;

G. Judgment in favor of Plaintiff enjoining Defendants from further acts of infringement of the ’149 Patent and ’400 Patent;

H. That, upon Plaintiff’s request, all in privity with Defendants and with notice of the injunction, including but not limited to any online marketplace platforms, such as Amazon and vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google, Bing, and Yahoo shall:

i. cease providing services used by Defendants, currently or in the future, to sell or offer for sale goods that infringe the ’149 Patent and the ’400 Patent;

ii. cease displaying any advertisements in any form, connected or associated with Defendants in connection with the sale of goods that infringe the ’149 Patent and the ’400 Patent; and

iii. disable all links to the marketplace accounts associated with Defendants offering for sale goods that infringe the’149 Patent and the ’400 Patent from displaying in search results, including from any search index.

I. That Plaintiff be granted such other and further relief as the Court deems just and proper under the circumstances.

Date: November 2, 2026

Respectfully submitted,

**By:** _*Jason Xu (admitted in EDTX)*_____
Jason Xu
RIMON P.C.
1050 Connecticut Ave NW, Suite 500
Washington, D.C. 20036
Telephone: (202) 470-2141

John Handy
RIMON P.C.
1765 Greensboro Station Place
Tower I Suite 900
McLean, Virginia 22102
Telephone: (703) 559-7360

*Attorneys for Anker Innovations Technology Co., Ltd.*